UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                        :

HUMBERTO PICHARDO TAVERAS,          :

                           Petitioner,       :

                                           :

         -v-                        :

CHRISTOPHER SHANAHAN, et al.,        :

                                           :

                         Respondents.    :

                                         :
---------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  08/13/2015

15-CV-2813 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

       On April 13, 2015, Petitioner Humberto Pichardo Taveras ("Petitioner" or "Pichardo")

filed this petition for the writ of *habeas corpus* (the "Petition"), pursuant to Title 28, United

States Code, Section 2241, arguing that his detention by immigration authorities without a bond

hearing violated the Immigration and Nationality Act ("INA") and the Due Process Clause

because (1) he had a non-frivolous claim to derivative citizenship; (2) he was not detained

immediately upon release from criminal custody; and (3) his detention had been unreasonably

prolonged.  (Docket No. 1).  On May 14, 2015, however, immigration authorities

unconditionally released Petitioner from custody after Immigration Judge Thomas Mulligan

determined that he was in fact a United States citizen.  (Pet'r's May 20, 2015 Ltr. (Docket No.

14) 1; *id.*, Ex. A ("Immigration Op.")).  In light of that release, and substantially for the reasons

stated in the Government's memorandum of law (Rsp't's Mem. Law Supp. Dismissal Habeas

Pet. As Moot (Docket No. 21) ("Gov't's Mem.")), the Petition must be dismissed as moot.

       It is well established that "federal courts are without power to decide questions that

cannot affect the rights of litigants in the case before them."  *North Carolina v. Rice*, 404 U.S.

244, 246 (1971).  Applying that principle, courts have held that where, as here, a *habeas* petitioner is released, "the petition is moot unless [the petitioner] can show 'collateral consequences adequate to meet Article III's injury-in-fact requirement'" or one of the normal mootness exceptions applies.  *Williams v. Orsinio*, No. 13-CV-6027 (WHP), 2014 WL 465405, at *1 (S.D.N.Y. Jan. 23, 2014); *see, e.g.*, *Hubacek v. Holder*, No. 13-CV-1085 (JTC), 2014 WL 1096949, at *1-2 (W.D.N.Y. Mar. 19, 2014) (citing cases); *see also Karamoke v. U.S. Homeland Security,* No. 09-CV-4089 (GBD), 2009 WL 2575886, at *1 (S.D.N.Y. Aug. 20, 2009) ("When a habeas petitioner challenges solely his detention, but is subsequently released prior to removal, courts routinely dismiss the petition as moot, finding no persisting case in controversy.").  In this case, Petitioner argues that his detention has resulted in "collateral consequences" because he "is certain to be re-detained should the Government appeal Mr. Pichardo's citizenship determination and prevail."  (Pet'r's Response Order To Show Cause (Docket No. 17) ("Pet'r's Mem.") 9, 11).  Petitioner also argues that he suffers "other tangible harms, which are directly traceable to the risk of re-detention," including economic harms resulting from the "uncertainty surrounding both the status of his case and his tenuous freedom from immigration custody," and "sleep deprivation, weight loss due to stress, depression, and severe anxiety."  (Pet'r's Mem. 11-13).[1]

Although the Court is sympathetic to Petitioner's predicament, those are not the type of injuries that prevent a case from becoming moot.  First, as courts in this Circuit have recognized, "fear of future detention cannot be considered sufficient to meet Article III's injury-in-fact

---

[1]     Petitioner also claims that his "liberty . . . is restrained" because immigration authorities have retained his identity documents, including his green card.  (Pet'r's Mem. 6; Second Decl. Jarrod L. Schaeffer (Docket No. 18) ("Schaeffer Decl."), Ex. A ¶ 10).  The Government, however, has stated that it "is prepared to make arrangements . . . to return those documents at any time."  (Gov't's Mem. 6).  Accordingly, no later than **August 26, 2015**, the Government shall provide Petitioner's identity documents to Petitioner or his counsel.

requirement for federal subject matter jurisdiction." *Hubacek*, 2014 WL 1096949, at *2 (citing

*Leybinski v. U.S. Immigration & Customs Enforcement*, 553 Fed. App'x 108, 108 (2d Cir. 2014)

(summary order)).[2]  Second, many of the harms that Petitioner alleges he is suffering would not

be redressed by a ruling on his current Petition.  For example, while Petitioner argues that the

uncertainties surrounding his immigration status have made finding a job or signing a lease

difficult (Pet'r's Mem. 13), those uncertainties stem not from his previous detention but from the

Government's appeal of the Immigration Judge's determination that he is an American citizen.

(*See* Pet'r's June 2, 2015 Ltr. (Docket No. 20) 1).  Petitioner's economic challenges would

therefore not be eased by an order stating that his previous detention was unreasonably

prolonged or otherwise illegal.  *Cf. Jackson v. Holder*, 893 F. Supp. 2d 629, 631 (S.D.N.Y. 2012)

(denying a habeas petition that sought release from detention after the petitioner was released

because the only "continuing injury" identified by the petitioner stemmed not from the

petitioner's original detention, but from the final removal order).[3]

---

[2]      At times, Petitioner seems to suggest that the Government could re-detain him at any time — that is, even before a final ruling on appeal from the Immigration Judge's decision.  (*See, e.g.*, Pet'r's Mem. 16-17 (stating that the Government could re-detain him at "any time").  The Government does not appear to take that position, stating that the immigration authorities "placed no conditions on Pichardo's release" and that "there are no restraints on Pichardo's liberty" at the moment.  (Gov't's Mem. 6).  Nor does the Court perceive a basis on which Petitioner could be re-detained absent reversal of the Immigration Judge's decision.  In any event, the possibility that Petitioner could be re-detained is not sufficient.

[3]      Petitioner also worries that if he is re-detained, he could receive inadequate medical treatment for his diabetes.  (Pet'r's Mem. 14-15).  Putting aside that that possibility is even more speculative than the mere possibility of future detention — which, as noted, is not enough to prevent dismissal — that injury is wholly unrelated to the constitutionality of the length or nature of his detention.  Petitioner has never asked the Court to address the level of care that he must be provided in custody, so the possibility that Petitioner may not receive sufficient medical care should he be detained again does not save his Petition from mootness.

Petitioner argues that the Court can nevertheless grant Petitioner "relief sufficient to redress" his injuries.  (Pet'r's Mem. 18-19).  But Petitioner brought this case seeking (1) an order requiring immigration authorities to give him a bond hearing or release him and (2) a declaration that his prolonged detention without a bond hearing violated the United States Constitution. (Mem. Law (Docket No. 2) ("Pet'r's Habeas Mem.") 36).  He has since been released, so neither release nor a bond hearing would further help him, and any declaration that his previous detention was illegal would be "merely advisory."  *Export-Import Bank of the Republic of China v. Grenada*, 768 F.3d 75, 86 (2d Cir. 2014) (declining to rule on an issue that had become moot, "[n]o matter how helpful a decision on the merits [would] be").  Notably, Petitioner never sought damages, the one form of relief that (assuming *arguendo* it was even available to him) could conceivably compensate him for the injuries that he claims were caused by his prolonged detention.  *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir 2006) (finding that a habeas petition challenging an alien's detention without a bond hearing was moot after the petitioner was no longer in custody in part because he had not brought a claim for money damages).  That Petitioner did request "such further relief as the Court deems just and proper" does not change that analysis, as the main form of such relief that Petitioner has identified as remaining viable is a declaration that the INA cannot be used to detain a United States citizen or that Petitioner's detention would violate the Due Process Clause.  (*See* Pet'r's Mem. 19; Pet'r's Habeas Mem. 36; *see also* Pet'r's Reply Gov't Mem. Law Supp. Dismissal (Docket No. 22) ("Pet'r's Reply") 2). As noted above, any such declaration would be wholly advisory, and is therefore not a remedy that the Court has the authority to grant.  *Cf. Li v. Napolitano*, No. 08-CV-7353 (JGK), 2009 WL 2358621, at *4 (S.D.N.Y. July 30, 2009) (holding that, while a "generic prayer for relief" does not "foreclose the possibility" of the Court granting relief "not specifically requested in the

Complaint," it did not save the case from being moot where the plaintiff, who had filed a habeas petition to vacate an immigration decision and whose case had since been re-opened, was "essentially ask[ing] th[e] Court to dictate in advance how the [United States Citizenship and Immigration Services] should exercise its discretion and to preclude it from considering an issue before it has even indicated that it will consider the issue").

Finally, Petitioner argues that even if his Petition is moot, his claims are "capable of repetition but evading review" because the Government could re-detain Petitioner.  (Pet'r's Mem. 16-17).  That exception to the mootness doctrine, however, applies only if "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again."  *Van Wie v. Pataki*, 267 F.3d 109, 114 (2d Cir. 2001). Those criteria are not satisfied here.  Even if the Government does re-detain Petitioner, the issues presented at that time are likely to differ significantly from those presented by Petitioner's current Petition.  If the Government re-detains Petitioner based on a reversal of the Immigration Judge's decision that he is a United States citizen, for example, Petitioner may no longer have a "non-frivolous claim for derivative citizenship" (Pet. 7; *see* Pet'r's Reply 3 ("Mr. Pichardo has always acknowledged that the IJ, rather than this Court, has jurisdiction to resolve his derivative citizenship claim")), which is currently one of Petitioner's primary arguments.  Moreover, any contention that the new detention would be of substantial length is "merely speculative."  *See, e.g.*, *Scheiner v. ACT Inc*., No. 10-CV-0096 (RRM) (RER), 2013 WL 685445, at *3 (E.D.N.Y. Feb. 24, 2013).  Further, there is no indication that the issue would evade review, as numerous courts in this Circuit, including this Court, have had enough time to rule on habeas petitions

substantially similar to the one filed here.  *See, e.g.*, *Young v. Aviles*, No. 14-CV-9531 (JMF), —

F. Supp. 3d —, 2015 WL 1402311 (S.D.N.Y. Mar. 26, 2015) (citing cases).

      Accordingly, the Petition is dismissed as moot, without prejudice to refiling if Petitioner

is detained again.  The Clerk of Court is directed to close this case.


      SO ORDERED.

Date:  August 13, 2015
       New York, New York

_____
JESSE M. FURMAN
United States District Judge